FILED
1997 JUN 25 AM 10: 24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERNEST RAY RITCH and MARY J. RITCH, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE ROBINSON-HUMPHREY COMPANY, )<br>)<br>Defendant. ) | CV 94-PT-2763-S |

ENTERED
JUN 2 5 1997

## MEMORANDUM OPINION

This cause comes before the court on the Motion In The Alternative For Amendment Of Judgment Or Certification Of Question Of State Law filed by plaintiffs on May 15, 1997 and the Motion For New Trial Under Rule 59 filed by plaintiffs on May 19, 1996.

The issue is whether it was appropriate for the court to include a causation element in its instructions to the jury and in the special verdicts.

The state law claim is governed by §§ 8-6-17 and 8-6-19 of the Code of Alabama and the rules and regulations promulgated pursuant thereto. The provisions under § 8-6-17 which are arguably applicable here refer to violations which are generally fraudulent in nature. It is clear that the Alabama courts have considered federal law in interpreting these "blue sky" laws; see Buffo v. State, 415 So. 2d 1158, 1162 (Ala. 1982) and Buffo v. Graddick, 742 F.2d 592, 595 (11th Cir. 1984)(both criminal cases dealing with § 8-6-17). There has been some suggestion that Rule 10b-5 is to be considered and other suggestion that the Alabama section(s) are patterned in

1

57

part on § 12(2) of the 1933 Securities Act. In this case of a secondary sale, it would appear more appropriate to consider Rule 10b-5.[1]

The facts of this case make it apparent why a causation element is appropriate. The plaintiff, Mr. Ritch, was very knowledgeable about Comptronix and its stock. Prior to this transaction, he owned considerable shares of Comptronix common stock. He had followed it extensively for a number of years. His son was a founding stockholder and director of Comptronix who also owned a considerable number of shares of Comptronix stock.[2]

<u>After</u> his first conversation with the broker in this transaction, the plaintiff, Mr. Ritch, conferred with his son and <u>later</u> made the decision to purchase. It defies common sense that, under such circumstances, a broker should be liable for a transaction, known by all to be attendant with risk, when there is a finding that a recommendation (disputed) by the broker did

---

[1] <u>Cf.</u> White v. Sanders, 650 F.2d 627 (5th Cir 1981). It is not entirely clear whether this action is pursuant to § 8-6-19(a)(1) or § 8-6-19(a)(2) or whether the Alabama courts look to § 12(1) or § 12(2) with regard to § 8-6-19(a)(1) or § 8-6-19(a)(2), or both. It is not clear that § 12 (2) would have application here. Which applies under which circumstances requires more analysis than plaintiffs suggest. In Ryder v. International Corp. v. First American National Bank, 943 F.2d 1521 (11th Cir. 1991), apparently § 8-6-19(a)(2) and § 12(2) were involved. See note 2 in Ryder. In Foster v. Jesup and Lamont Securities, Inc., 759 F.2d 838, 844 (11th Cir. 1985), the court stated "[S]ection 12 will reach those 'whose participation in the buy-sell transaction is a substantial factor' in causing the transaction to take place." It is apparently § 12(1) which imposes strict liability. Section 12(2) apparently requires at least negligent misrepresentation. See Pharo v. Smith, 62 (F.2d 656, 665 n. 6 (5th Cir. 1980). See also Foster, 759 F.2d at 846 (underwriter held not liable because did not attempt to persuade plaintiff to buy, and plaintiff obtained independent advice.) This court does not reach the issue of whether § 12 extends to after market transactions. See note 16 in Ryder.

[2] The court has not looked back to see the exact numbers of shares owned by each and the value thereof as of the date of the subject transaction. It was substantial!

not cause the purchase.[3]

There is no clearly established law on the issue. The court concludes now, as it concluded at trial, that a causation element is appropriate under Alabama law as it relates to the claim here. Cf. Discussion in Buffo v. Graddick, supra, 742 F.2d at 596.[4] A contrary holding would lead to the result that a purchaser with superior knowledge could be held liable for a mild, if any, recommendation by a broker. The jury recognized the true reason for this purchase. The motions will be denied.[5]

This ___25___ day of June, 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]In some cases, it might be inappropriate to have causation as a required element because it would be amply clear that there was no other likely cause. Here, the evidence is to the contrary.

[4]The Buffo cases involved the interpretation of the term "in connection with." That involves a determination of whether the securities laws are even implicated. Causation is a later issue. See also Davis v. AVCO Fin. Service, 739 F.2d 1057 (6th Cir. 1984), cert. denied 470 U.S. 1005 (1985). It should be noted that the plaintiffs did not so much object to the form of the court's instruction and/or special verdict as to stating causation to be an element at all.

[5]It is reasonably arguable that no reasonable juror could have found that the defendant "recommended" this purchase in the true sense of the word. The sales slips did not so indicate. Substantial evidence indicates otherwise. The court does not decide that issue.