FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JUL 28 PM 3:16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ERNEST RAY RITCH and MARY J. RITCH,<br><br>　　Plaintiffs,<br><br>vs.<br><br>THE ROBINSON-HUMPHREY COMPANY,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)　CV 94-PT-2763-S<br>)<br>)<br>)<br>)<br>)<br>) |

ENTERED
JUL 28 1997

## MEMORANDUM

This court has previously made reference to the concepts of "transaction causation" and "loss causation." See Robbins v. Koger Properties, Inc., __ F.3d __ (11th Cir., July 14, 1997). The court equates "transaction causation" with reliance. It states, however, that

> To prove loss causation, a plaintiff must show "that the untruth was in some reasonably direct, or proximate, way responsible for his loss." Huddleston v. Herman & MacLean, 640 F.2d 534, 549 (5th Cir. Unit A 1981), aff'd in part, rev'd in part on other grounds, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). "If the investment decision is induced by misstatements or omissions that are material and that were relied on by the claimant, but are not the proximate reason for his pecuniary loss, recovery under the Rule is not permitted." Id. (Citing Marbury Management, Inc. v. Kohn, 629 F.2d 705, 718 (2d Cir. 1980)(Meskill, J., dissenting)). In other words, loss causation describes "the link between the defendant's misconduct and the plaintiff's economic loss." Rousseff v. E. F. Hutton Co., Inc., 843 F.2d 1326, 1329 n. 2 (11th Cir. 1988). This court is satisfied that loss causation remains a required element under state law.

This ___28th___ day of July, 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE